BUTTERFIELD LUMBER COMPANY *v.* FRANK H. HARTMAN.*

PUBLIC LANDS. *Revised Statutes of United States, §§ 2290, 2291 and 2296. Contracts to sell timber. Public policy.*

An agreement by a homesteader who has entered public land from the United States with a third person, that in consideration of the latter's advancing him money to complete the entry and obtain the patent, he would sell such person the timber on the land, is not against public policy, and the subsequent sale of the timber after the issuance of the patent in pursuance of the agreement is valid. Revised Statutes of the United States, §§ 2290, 2291, and 2296 considered.

FROM the chancery court of Lincoln county.

HON. HENRY C. CONN, Chancellor.

The Butterfield Lumber Company, appellant, was complainant, and Hartman, appellee, was defendant in the court below.

In November, 1892, Esau Harness received a patent from the United States government to a certain tract of land in Lincoln county as his homestead. Before the entry was perfected, Harness entered into an agreement with the Norwood & Butterfield

---

* This case is approved in the following cases to be reported in 83 Miss., viz: *Sanford* v. *Eastubuchie Lumber Co.; Anderson* v. *Wilder,* and *Orrell* v. *Bay Manufacturing Co.* The subject is elaborated and the principle extended in the case last named.

Company to sell it all the pine timber on the land, and also a right of way 100 feet wide over the same, and in pursuance of this agreement Harness and his wife, on January 28, 1893, after the issuance of the patent, executed a deed to Norwood & Butterfield Company conveying the pine timber on the land and a right of way, and this deed was filed for record February 10, 1893. In 1900 the Norwood & Butterfield Company conveyed the timber on said lands and the right of way to the Butterfield Lumber Company, appellant. On January 30, 1893, Esau Harness and his wife gave a deed of trust on the land to Hartman, appellee, and this deed of trust was recorded January 31, 1893. In December, 1894, the land was sold under this deed of trust, and was purchased by Hartman.

Appellants filed a bill in the chancery court against Hartman, seeking to have the deed of trust to Hartman and the trustee's deed to him canceled in so far as it conveys the pine timber on the land and the strip of 100 feet for a right of way. The bill alleges that Hartman had actual notice of the contract between the Norwood & Butterfield Company and Esau Harness, and the deed conveying the pine timber and right of way. On this last point, which was denied in defendant's answer, considerable testimony was taken, but it is not deemed necessary to set it out. On the final hearing the court below denied the relief sought and dismissed the bill, and the complainant, appellant, appealed to the supreme court.

*Thomas Brady, Jr.,* for appellant.

The appellant's vendor in this case secured a deed to the pine timber, and a right of way across the land upon which it is situated. Two days later the appellee secured a deed of trust on the land, upon which the timber was situated. The next day he hurried it upon record, before appellant's timber deed had been filed for record, and now the appellee claims timber, right of way, and land under a trustee's deed.

If appellee has title to the timber and right of way, it arises under the registry acts and not by reason of the intrinsic value of the deed of trust, or trustee's deed. The appellee was told before he secured his deed of trust upon this land by its owner, Esau Harness, and by witness Coon, that the timber thereon had been sold and conveyed to appellant's vendor.

That appellee had sufficient knowledge to put him on inquiry and to lead to the requisite fact, is shown by his employing witness W. C. Coon to defeat the sale under the contract of which he had been advised.

The appellee in this transaction coveted the appellant's timber, and with this spirit, like Jacob of old in displaying hairy hands, sought Esau's birthright.

*P. Z. Jones,* for appellee.

The contract made between Harness and Norwood & Butterfield Company was in violation of the homestead laws of the United States, and the appellants come into court with unclean hands. The pretended contract was made while the land was owned by the government of the United States. Norwood & Butterfield Company were to furnish the money and Harness was to do the swearing and the government was the victim.

It is not pretended that Hartman was told anything about the timber deed, and if Hartman had followed out the information given him, as claimed, he would have ascertained not that a valid contract existed between Harness and Norwood & Butterfield Company, such as courts of law and equity would enforce, but that a conspiracy existed between them to defraud the government.

The testimony for the complainant touching notice to Hartman is unsatisfactory and far from convincing. It is all denied by Hartman and he is fully corroborated by disinterested witnesses.

The determination of this case in the lower court depended entirely on a question of fact.

The inquiry here is not whether his finding is correct, but is it manifestly wrong? *Fox* v. *Matthews,* 33 Miss., 433; *Derdeyn* v. *Donovan,* 33 So. Rep., 652.

CALHOON, J., delivered the opinion of the court.

We are driven to the conclusion that the decree of the court below must have been the result of an opinion that the agreement between Esau Harness and the grantor of appellant that, in consideration of the advance money to perfect his homestead entry and get his patent, Esau would sell the timber on the land in controversy, was against public policy and void, and made void also the subsequent sale of the timber to reimburse for that advance. We are not in accord with that view. Rev. St. U. S., secs. 2290, 2291, 2296 (U. S. Comp. St. 1901, pp. 1389, 1390, 1398), with Gould & Tucker's notes, vol. 1, p. 537. On the testimony we cannot escape the conviction that the appellee had such notice as should put any reasonable man on inquiry, which would have disclosed the existence of the conveyance of the timber and right of way by Esau to the grantor of appellants.

*Reversed, and decree here in accordance with the prayer of the bill.*