RUFUS A. SANFORD ET AL. v. EASTABUTCHIE LUMBER COMPANY.

1. HOMESTEAD.   Revised statutes of U. S., §§ 2290, 2291, 2296.   Conveyance
    of timber.   Perfection of entry.   Subsequent purchaser.   Notice.
    A deed to timber, executed by one who has entered the land on
    which it stands under the United States homestead laws, before
    making final proof and obtaining a patent, is not invalid after the
    perfection of the entry, and a subsequent purchaser of the land
    from the grantor, with notice thereof, takes subject to the rights
    of the grantee therein.

2. SAME.   Absolute conveyance.   Mortgage.
    Where an instrument of writing was intended by the parties to be
    an absolute conveyance of timber, and they so treated it after
    its execution, it will not be held to be a mere mortgage at the
    suit of a subsequent purchaser from the grantor having notice
    of the facts.

FROM the chancery court of Covington county.
HON. STONE DEAVOURS, chancellor.

The Eastabutchie Lumber Company, appellee, was the com-
plainant, and Sanford and others, appellants, were defendants
in the court below.   From a decree in complainant's favor de-
fendant appealed to the supreme court.

On February 8, 1898, one Maskew instituted preliminary
proceedings to enter 120 acres of land of the United States gov-
ernment.   On the 28th of February, 1898, he and his wife
executed an instrument in writing, by which they intended to
convey the timber on the lands to the Eastabutchie Lumber
Company.   The instrument was inartificially drawn, and in
some respects was more like a mortgage than an absolute con-
veyance.   The parties to it, however, intended it to be an abso-
lute conveyance, and treated it as such after its execution.   In
August, 1899, Maskew and his wife made formal proof of
their homestead, and obtained a patent therefor.   In Janu-

ary, 1901, Maskew and wife conveyed a part of this land to appellant, Sanford. The conveyance of the timber to appellee was in writing, but was never recorded. This suit was begun by a bill filed in the chancery court by the Estabutchie Lumber Company, appellee, against Sanford and Maskew and wife to remove clouds from titles to standing timber on the lands conveyed to Sanford. The bill charges that Sanford had actual notice of the deed by Maskew and wife to the Eastabutchie Lumber Company. Sanford's answer denies this. Evidence was taken on this question by both parties, and it was conflicting.

*McWillie & Thompson,* for appellants.

The instrument sued upon is not a deed to the timber on the lands therein described, but is nothing more than a mortgage.

The court below treated the instrument as an absolute conveyance, it cancelled the title to the trees, which Maskew and his wife conveyed to Sanford, and adjudged that Sanford had no rights in the premises whatever. Is the instrument on which the suit is based a mere mortgage? By its own terms it shows that it was executed by a debtor to a creditor, and the bill shows that a surety, to wit, W. T. Raney, signed the instrument. The instrument shows on its face that it was executed to secure a debt due from Maskew and wife to the Eastabutchie Lumber Company, the amount of which debt is shown on the face of the instrument to be $205.00. The instrument further shows that the grantors bound themselves to use dilligence and skill in perfecting their title, and when title was perfected, to sell and convey the merchantable saw timber on the lands to the Eastabutchie Lumber Company in satisfaction of the debt.

Were the controversy one wholly between Maskew and wife and the lumber company, $205 with 6 per cent interest from the date of the instrument, would satisfy every demand which could be made by the lumber company. In the case of *Klein* v. *McNamara,* 54 Miss., 90, this court laid down the tests by which

to determine whether an instrument is a mortgage or a sale. Amongst the controlling tests we find .this: If the relation of creditor and debtor existed before the conveyance, and if that relation continued, then the instrument is a mortgage. Certainly in this case the relation of debtor and creditor existed; certainly that relation continues, because by its terms the writing was entered into in order to secure said debt. The ordinary mortgage, when properly drawn, by its terms, is an absolute conveyance, having coupled with it a condition that it is to be void upon payment of the debt secured. The last words of the conveyance by which Maskew and wife agreed to convey the timber to satisfy the debt could not rise above the terms of an absolute conveyance. Suppose we reverse the terms of the instrument and let it read this way, "Maskew and wife convey to the Eastabutchie Lumber Company the timber on their lands (describing the lands), but this conveyance is to secure the $205 due to the Eastabutchie Lumber Company by Maskew and wife, and to satisfy said debt." Certainly the instrument would be a mortgage. We are told in the case of *Klein* v. *McNamara, supra,* that in case of doubt the court leans in favor of a mortgage. rather than a sale. The final decree is erroneous in any view that may be taken of the case, because it does not permit the appellant to pay off the $205 debt, or such part thereof as may yet be due.

Our associates will argue the other questions in the case.

*McIntosh Bros.,* on same side.

The pretended timber deed made by Maskew and wife to Eastabutchie Lumber Company was made before Maskew, the homesteader, had perfected his entry of the land, and it was void, in the face of the federal statute under which the land was homesteaded. Revised Statutes of the United States, secs. 2290, 2291-2296. We respectfully urge the court to reconsider the subject and overrule the decision in the case of

*Butterfield Lumber Co.* v. *Hartman,* 82 Miss., 494, 34 South. Rep., 328.

Sanford was an innocent purchaser for value, and the chancellor's finding to the contrary was not warranted by the evidence. The deed or writing made the basis of the suit is but a mortgage, and the court below erred in decreeing it to be an absolute conveyance of the timber on the lands.

*N. C. Hill,* for appellee.

The agreement to sell the merchantable timber on the unperfected homestead by Maskew and wife to appellee was not void. The answer of defendant shows that the homestead entry was afterwards perfected and a. patent issued therefor. The case of *Butterfield Lumber Co.* v. *Hartman,* 82 Miss., 494; s. c., 34 So. Rep., 323, settles this point.

The findings of the chancellor both on the law and on the facts of his case are correct.

*R. L. Dent,* on same side. .

The contention of the counsel of appellant that the instrument of appellee upon which this cause is based is a mortgage is not sound. The instrument of itself shows that it is a contract of sale. The evidence shows that it was the intention of Maskew and wife to sell and convey the said timber to the appellee in and for said sum of $205, when their title was perfected. No contention is made by Maskew and wife that their timber was mortgaged to satisfy any debt whatever. The intention of the parties should govern in this matter.

The proper end of all rules of construction is to effect the intention of the parties to the instrument, and this is true of deeds as well as other contracts. *Hart* v. *Gardner,* 74 Miss., 153.

The validity of the contract of purchaser was correctly upheld by the chancellor as well as the question. of notice to the appellant and a decree properly had for appellee, which should not be disturbed by this court.

The appellant and the defendant, Maskew, should not be assisted in their scheme which bristles with fraud in order to wrong appellee, and we feel that this court will not disturb the finding of the chancellor.

TRULY, J., delivered the opinion of the court.

The fact that Maskew had not perfected his title to the land entered by him from the United States government at the date of his conveyance of the timber thereon to appellee did not render that conveyance void. This has been decided by this court heretofore. See *Butterfield Lumber Co.* v. *Hartman,* 82 Miss., 494; s. c., 34 South., 328. The chancellor found that appellant was advised of the existence of the conveyance of the timber by Maskew to appellee, and was seeking to take advantage of what he thought was a legal defect in such conveyance. One having previous personal knowledge of the claim of another to certain property, who, with the intent of defeating that claim, attempts to purchase the property, has no standing in any court of equity. The evident intent of all the contracting parties, as shown by their subsequent course of dealing, was that the instrument executed by Maskew and wife to appellee was to operate as an absolute conveyance of the timber when the title to the land should be divested from the government. Maskew is not seeking the cancellation of that instrument, and, as appellant purchased the land with full knowledge, he cannot now be heard to complain, even though his bargain was less profitable than he hoped.

*The decree is affirmed.*